**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4586

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY W. REDMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-00-206)

Submitted: March 25, 2005                    Decided: April 8, 2005

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, L. Anna Crawford, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tony W. Redman appeals the district court's order revoking his supervised release and imposing a twelve-month prison term. Because we find no merit to Redman's argument on appeal, we affirm.

Redman asserts, as he did before the district court, that the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), invalidated the entire Sentencing Reform Act and therefore the district court did not have authority to impose or revoke any term of supervised release. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the Blakely decision to the federal sentencing guidelines and concluded that the Sixth Amendment is violated when a district court imposes a sentence under the guidelines that is greater than a sentence based solely upon facts found by the jury. Booker, 125 S. Ct. at 752-56. Rather than totally invalidating the guidelines, however, the Court held that they are no longer binding on district courts, but are advisory only. Sentencing courts are now required to consider the applicable guideline range, but may "tailor the sentence in light of other statutory concerns. . . ." Id. at 757.

We conclude that Booker provides Redman no grounds for relief. First, the provision of the Sentencing Reform Act that governs supervised release, 18 U.S.C.A. § 3583 (West 2000 & Supp. 2004), was not affected by Booker, See id. at 764-68. Further,

the change effected by <u>Booker</u>--making the guidelines merely advisory--was not a change in the manner in which they were applied to revocations of supervised release pre-<u>Booker</u>. <u>See</u> <u>United States v. Davis</u>, 53 F. 3d 638, 642 (4th Cir. 1995) ("Chapter 7's policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings.").

We accordingly affirm the order of the district court revoking supervised release and imposing a twelve-month prison term. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>